UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OBED LARA VAZQUEZ,**

     **Plaintiff,**

**vs.**                                                                 **CASE NUMBER: 8:26-cv-1023**

**DEPUTY ALEXANDRA MITCHELL;**
**Individually, and**
**GUALTIERI BOB GUALTIERI,**
**in his official capacity as Sheriff of**
**the Pinellas County Sheriff's Office;**

     **Defendants.**

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

     **COMES NOW** the Plaintiff, OBED LARA VAZQUEZ (LARA VAZQUEZ), and sues the Defendants, DEPUTY ALEXANDRA MITCHELL (MITCHELL) and SHERIFF BOB GUALTIERI (GUALTIERI), and alleges:

**JURISDICTION AND VENUE**

1.    This action arises from the wrongful arrest of LARA VAZQUEZ by DEPUTY on April 10, 2022.

2.    The damages sought in this action exceed $75,000, exclusive of interest, costs, and attorney's fees.

3.    The § 768.28 Notice of Claim was provided more than six (6) months

ago on or about December 6, 2024. Defendant, GUALTIERI, has denied the claim. There is no administrative exhaustion requirement regarding Plaintiff's civil rights claims under 42 U.S.C. § 1983.

4.      Venue is proper in the Middle District of Florida because the wrongful arrest of LARA VAZQUEZ occurred in Pinellas County, Florida.

5.      This Court has jurisdiction over the state law claims asserted herein, and it also has concurrent jurisdiction over the federal claims for violations of LARA VAZQUEZ's Civil Rights asserted herein. The Court has both personal jurisdiction over the defendants and subject matter jurisdiction to hear Plaintiff's claims herein.

## **PARTIES**

6.      At all times material, Plaintiff, LARA VAZQUEZ is *sui juris* and was a resident of Pinellas County, Florida.

7.      Defendant, MITCHELL, was at all times relevant to this Complaint duly appointed and acting as a Deputy for the Pinellas County Sheriff's, acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Florida and/or the Pinellas County Sheriff's Office. Defendant is sued in her individual capacity.

8.      Defendant, GUALTIERI, was at all times relevant to this Complaint duly appointed and acting as Sheriff for the Pinellas County Sheriff's Department, acting under color of law, to wit, under color of statutes, ordinances, regulations,

policies, customs, and usages of the State of Florida and/or the Pinellas County Sheriff's Office. Defendant, GUALTIERI, is sued in his official capacity as Sheriff of the Pinellas County Sheriff's Department.

9.     Defendant, GUALTIERI, as Sheriff of the Pinellas County Sheriff's Department, receives federal funds and by and through its officials, employees, and deputies is under a duty to run its policing activities in a lawful manner so as to preserve the peace to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Florida.

10.    Each and all of the acts of the Defendants, and other members of the Pinellas County Sheriff's Office involved in this incident, were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs and usages of the United States of America, the State of Florida, and the Pinellas County Sheriff's Office, under the color of law and by virtue of their authority as law enforcement officers for the Pinellas County Sheriff's Office. At all times, Defendant, members, staff, employees, and agents of the Pinellas County Sheriff's Office were engaged in conduct that was the proximate cause of the violations of Plaintiff's federally protected rights and state law rights, as more particularized herein.

## FACTS

11. On April 10, 2022, Deputy Levi Blake allegedly observed a single car accident and made contact with the vehicle.

12. When Deputy Mitchell arrived, she observed Obed Lara Vazquez standing outside of the vehicle and a female seated in the front passenger seat. Mr. Lara Vazquez advised Deputy Mitchell his wife was the driver of the vehicle, and he was the passenger sitting in the front passenger seat at the time of the accident.

13. Mr. Lara Vazquez was in fact NOT the driver of the vehicle, but even if he was, he was NOT impaired at the time of the incident.

14. Deputy Mitchell arrested Mr. Lara Vazquez for DUI.

15. Mr. Lara Vazquez provided a breath sample of 0.00 and urine results which came back negative for any controlled substances.

16. As a result of the false arrest, Mr. Lara Vazquez spent 1 day in the Pinellas County Jail. The charges were dismissed on March 15, 2023.

## COUNT I
## SECTION 1983 FALSE ARREST CLAIM AGAINST MITCHELL

17. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 16 above, and further alleges:

18. Plaintiff was unlawfully seized by Defendant, MITCHELL, through the

intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of her patrol car, and transported him to the Pinellas County Jail.

19.    The warrantless arrest of Plaintiff without even arguable probable cause violated Plaintiff's Fourth Amendment rights.

20.    The facts and circumstances within Defendant's knowledge, assuming she had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

21.    A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

22.    The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, loss of employment, lost wages and loss of reputation.

<u>**STATE LAW CLAIMS**</u>

<u>**COUNT II**</u>

<u>**FALSE ARREST – DEFENDANT, GUALTIERI**</u>

23.    The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1 – 16.

24.    Defendant, MITCHELL'S, actions in holding Plaintiff against his will,

without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, GUALTIERI.

25.    The Defendant, MITCHELL, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

26.    The actions of Defendant, MITCHELL, were performed in the course and scope of her employment with the Pinellas County Sheriff's Office and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

27.    As a direct and proximate result of the acts of Defendant, MITCHELL, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in his being forced to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, loss of employment, lost wages and loss of reputation.

28.    Defendant, MITCHELL's, conduct is actionable against Defendant, GUALTIERI pursuant to § 768.28, Fla. Stat.

## DAMAGES

29.    Plaintiff incorporates each and every previous allegation set forth in the general allegations as if fully set forth herein.

30.     As a direct and proximate result of the aforementioned actions, statements, publications, and omissions of the Defendants, Plaintiff, OBED LARA VAZQUEZ'S, constitutional rights were violated, and he suffered injuries and damages.  Plaintiff seeks recovery from the Defendants of all damages to which he may be entitled under federal law and state law for the injuries and damages Plaintiff sustained and which include, but are not limited to, the following:

a.     Emotional Pain and Suffering of a past, present and future nature;

b.     Loss of Enjoyment of Life of a past, present and future nature;

c.     Loss of Liberty;

d.     Loss of Reputation;

e.     Loss of Employment;

f.     Loss of Wages and Earning Capacity of a past, present and future nature;

g.     Punitive damages for Counts I;

h.     Pre and Post-Judgment Interest for all 42 UCS § 1983 claims;

i.     Post-Judgment Interest for any state law claim;

j.     Statutory and Discretionary Costs;

k.     Attorney's fees where permitted by 42 USC § 1988 or other statutes;

l.     All such further relief, both general and specific, to which he may be entitled under the premises.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by Jury on all counts and issues triable by jury as a matter of right.

**RESPECTFULLY SUBMITTED** this 9th day of April 2026.

**MICHAEL P. MADDUX, P.A.**

*s/Michael P. Maddux*
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com